## OSGOOD v. OSGOOD.

CANCELLATION OF INSTRUMENTS—FRAUD—EQUITY.

A decree canceling a deed of real property, executed by complainant's deceased husband, is denied on review of conflicting evidence, claimed by her to prove fraud.

Appeal from Benzie; Lamb, J. Submitted March 2, 1911. (Docket No. 145.) Decided May 8, 1911.

Bill by Cynthia M. Osgood against Tillie M. Osgood to cancel a deed. From a decree dismissing her bill, complainant appeals. Affirmed.

*Gaffney & Miltner*, for complainant.

*D. G. F. Warner*, for defendant.

OSTRANDER, C. J. Complainant charges in her bill that her deceased husband, whose sole devisee she is, and she herself, were overreached, deceived, and defrauded when they joined, during the lifetime of the husband, in executing and delivering a deed of real estate for a valuable, but it is claimed an inadequate, consideration. She prays for a decree canceling the said conveyance and the record thereof, and requiring defendant to reconvey to complainant. Incidentally the construction of a last will is asked for, and an accounting for the rents and profits of the said land. If complainant and her husband were defrauded, then the other questions become material. Whether they were defrauded, as charged, is a question of fact. It will profit no one to set out or to analyze the testimony. We are of opinion that the fraud alleged is not made out, and agree with the court below that the bill of complaint should be dismissed. The decree is affirmed, with costs to appellee.

MCALVAY, BROOKE, BLAIR, and STONE, JJ., concurred.